IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JOHN M. HARDIMON**                                                    **PETITIONER**

CASE NO. 2:17-CV-215-DPM-BD

**GENE BEASLEY, Warden,**
**Federal Correctional Institution-Low,**
**Forrest City, Arkansas**[1]                                            **RESPONDENT**

### RECOMMENDED DISPOSITION

I.   **Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall, Jr. Mr. Hardimon may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized. And, if no objections are filed, Judge Marshall may adopt this Recommendation without independently reviewing the record.

---

[1] Mr. Hardimon named the USA as Respondent in his petition. The Clerk is directed to substitute Mr. Beasley for the USA as the proper Respondent in this case.

II.  **Background:**

Petitioner John M. Hardimon pleaded guilty to federal charges of defrauding health insurers and money laundering. He was sentenced to 70 months in prison and ordered to pay restitution of almost $2 million.[2] *United States v. Hardimon*, 700 F.3d 940, 941 (7th Cir. 2012) cert denied 569 U.S. 983 (2013). As part of his guilty plea, Mr. Hardimon waived his right to appeal. *Id*. Shortly after his plea, however, Mr. Hardimon moved to withdraw the plea on the ground that he had been taking psychotropic drugs that had clouded his mind and made his plea involuntary. *Id*. The judge denied the motion. *Id*.

Mr. Hardimon appealed, claiming the court erred in denying his motion and that the restitution order was illegal. The United States Court of Appeals for the Seventh Circuit rejected Mr. Hardimon's arguments, concluded that his guilty plea was valid, and affirmed the judgment. *Id*.

Mr. Hardimon then filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. Additionally, he claimed that the "government did not have any right to bring a criminal case for health care billing fraud and money laundering" against him in the first place; that the court

---

[2] Mr. Hardiom was released on supervision in December, 2016. In September, 2017, Mr. Hardimon waived his right to a hearing on the Government's motion to revoke his supervised release. The Court found he had violated the terms of his supervised release and imposed a sentence of 8 months in the Bureau of Prisons and restitution in the amount of $1,937,391.68 minus any payments made. *Hardimon v. USA*, 4:16-CR-545-RLW-1, (E.D. MO September 14, 2017). He is currently serving the sentence at the Bureau of Prisons' Federal Correctional Complex in Forrest City, Arkansas. (Docket entry #1)

violated his Sixth Amendment right to a jury trial by determining the loss for an applicable statutory sentencing range; and that the Government withheld computer notes that led to an erroneous restitution calculation at sentencing. *Hardimon v. USA*, No. 3:13-cv-775-MJR, docket entry #25 at 3, 19-20 (S.D. Ill. Nov. 19, 2013). The court denied the motion. *Id*. It found that Mr. Hardimon had not met his burden of establishing ineffective assistance of counsel, had waived his right to collaterally challenge his sentence, and had not raised any of these arguments on direct appeal. *Id.* at 19-20.

Mr. Hardimon filed a notice of appeal from the denial of his motion under 28 U.S.C. §2255 and an application for a certificate of appealability with the United States Court of Appeals for the Seventh Circuit. The Court reviewed the district court's order and the record, but found no substantial showing of the denial of a constitutional right and denied a certificate of appealability. *Hardimon v. USA*, No. 13-3763 (7th Cir. June 13, 2014).

Following the Seventh Circuit's denial of a certificate of appealability, Mr. Hardimon filed several post-judgment motions with the district court, including a motion to vacate a void judgment under Federal Rule of Civil Procedure 60(b)(4) because of alleged fraud on the court. *Hardimon v. USA*, No. 14-3722 (7th Cir. June 9, 2015). The court denied the motions for lack of subject-matter jurisdiction. *Id*. Mr. Hardimon appealed and requested a certificate of appealability, but the United States Court of Appeals for the Seventh Circuit again denied a certificate of appealability. *Id*.

Mr. Hardimon has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his "confinement for the last 70 months." (Docket entry #2 at 2) In

the petition, Mr. Hardimon complains that his plea was unknowing and involuntary; that his appeal waiver was unknowing and involuntary; and that the restitution portion of his sentence is illegal. (#2 at 2-3)[3] (Docket entry #1 at 4) For relief, Mr. Hardimon asks this Court to set aside his plea agreement and sentence. (#2 at 3)

### III. Jurisdiction:

This Court lacks jurisdiction over Mr. Hardimon's petition. Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside or correct his sentence, under 28 U.S.C. § 2255. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005)). A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence, or the manner in which the sentence is being carried out. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); see also *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective</u> to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). The last clause is a provision sometimes referred to as § 2255's "savings clause." *Abdullah*, 392 F.3d at 959.

---

[3] Mr. Hardimon has not filed a proper motion to proceed *in forma pauperis* or paid the filing fee.

A petitioner who wishes to take advantage of the savings clause must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907. But this exception is narrow indeed. *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit a petitioner to file under § 2241. *Lopez-Lopez*, 590 F.3d at 907. Likewise, a § 2255 remedy is not deemed inadequate or ineffective merely because the claim was previously raised and rejected in a § 2255 motion; or because the petitioner was denied leave to file a second or successive § 2255 petition; or because a § 2255 petition is time-barred. *Id*.

Here, Mr. Hardimon is challenging his federal sentence, but he has not demonstrated that seeking relief from the sentencing court would be inadequate or ineffective.

## IV.   Conclusion:

Because this Court lacks subject matter jurisdiction over the current petition (#2), the petition should be DISMISSED, without prejudice. Further, Mr. Hardimon's pending motion for leave to proceed *in forma pauperis* (#1) should be DENIED as moot.

DATED this 3rd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE